IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WILLIAM SUDDUTH, | ) | |
| | ) | Case No. CV07-315-CWD |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| vs. | ) | **AND ORDER** |
| | ) | |
| UNKNOWN MEMBERS OF THE | ) | |
| IDAHO COMMISSION OF PARDONS | ) | |
| AND PAROLE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Court has before it a Motion to Dismiss filed by Defendant Idaho Commission of Pardons and Parole (Docket No. 23) and a Motion for Summary Judgment filed by Plaintiff William Sudduth (Docket No. 24).  All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case.  (Docket No. 17.) Having reviewed the parties' filings, as well as the record in this case, the Court has determined that oral argument is unnecessary.  Accordingly, the Court enters the following Order granting in part and denying in part Defendant's Motion to Dismiss and denying Plaintiff's Motion for Summary Judgment.

# I.

# BACKGROUND

On November 13, 2007, the Court issued an Initial Review Order that required Plaintiff William Sudduth ("Plaintiff") to file an amended complaint to correct deficiencies and to serve the amended complaint upon defendants within 120 days. (Initial Review Order p. 5, Docket No. 5.)  Plaintiff filed his Amended Complaint on January 29, 2008, naming as defendants "Unknown Members of the Idaho Commission of Pardons and Parole," and alleging that they violated his First and Fourteenth Amendment rights when they forced him to attend a religious-based "therapeutic community program" as a parole eligibility requirement.  (Docket No. 6.)  The Summons issued by the Clerk of Court showed "the Idaho Commission of Pardons and Parole" as the only defendant, and the return of service specifies that service was accomplished on June 3, 2008. (Docket No. 11.)  Subsequently, the Idaho Commission of Pardons and Parole ("ICPP" or "Defendant") and Plaintiff filed the pending motions, which the Court will now address.

# II.

# DEFENDANTS' MOTION TO DISMISS

## A.     Standard of Law Governing Motions to Dismiss

In its Motion to Dismiss, the ICPP asserts that Plaintiff served only the ICPP, and that the ICPP is entitled to sovereign immunity under the Eleventh Amendment (Def.'s Mem. p. 3, Docket No. 23.)  A complaint should not be dismissed for failure to state a

MEMORANDUM DECISION AND ORDER 2

claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party.  *Id.* (quoting *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)).

The federal courts view Rule 12(b)(6) motions with disfavor.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A court should dismiss a case without leave to amend only in "extraordinary" cases.  *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981).  In addition, pro se litigants are afforded liberal treatment in asserting their claims, especially with regard to formal requirements. *See Lim v. INS,* 224 F.3d 929, 934 (9th Cir. 2000) (recognizing that courts frequently refuse to dismiss pro se appeals for formal defects where the opposing party suffers no prejudice).

### B.     Eleventh Amendment Immunity and Official Capacity Claims for Monetary Damages Against Individual Commissioners

The ICPP argues that the suit brought by Plaintiff should be dismissed because the United States Constitution provides for sovereign immunity for state entities.  In *Hans v. Louisiana*, 134 U.S. 1 (1890), the Supreme Court of the United States held that the Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state.  The Supreme Court consistently has applied the Eleventh

MEMORANDUM DECISION AND ORDER 3

Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought."  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Based on the foregoing, the Court concludes that the ICPP, a state entity, is entitled to Eleventh Amendment sovereign immunity.  Therefore, the claims against it shall be dismissed.

In addition, "official capacity" suits seeking monetary damages against individual state actors are considered claims against the state, and likewise are barred under the Eleventh Amendment.  *See Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 973 n.16 (9th Cir. 1994).  Therefore, any claims for monetary damages against the unknown individual members of the ICPP in their official capacities are subject to dismissal.

### C. Personal Capacity Claims for Damages and Official Capacity Claims for Declaratory and Injunctive Relief Against Unknown Individual ICPP Members

The ICPP next argues that the claims against the unknown members of the ICPP should be dismissed because Plaintiff has not amended his complaint to name the individual members and has not formally served them with the summons and complaint. The ICPP further contends that, even if the individual ICPP members had been served, they are entitled to absolute quasi-judicial immunity from damages, and, therefore, under any circumstance, dismissal is appropriate.

Plaintiff argues that his case should not be dismissed because he "specifically requested names and titles of individuals, in order to amend and name[] those

MEMORANDUM DECISION AND ORDER 4

res[p]ons[i]ble parties." (Docket No. 26, p.2.)  In his discovery requests, he asked Defendant to disclose the names of the individuals on the "therapeutic community oversight board," rather than the individuals on the ICPP. (Docket No. 19, p. 2.)  The ICPP both objected to the interrogatory and stated that no such board existed.  It appears that Plaintiff tried to obtain the names of the "Unknown Members of the Idaho Commission of Pardons and Parole" and/or other potential individual defendants but that he is having difficulty drafting his requests to obtain the information he seeks.

The Court will provide Plaintiff with an additional opportunity to obtain the information he needs to identify individual defendants through discovery and disclosure procedures.  Plaintiff should clarify his discovery requests and resend them to counsel for Defendant.  In addition, independent of Plaintiff's requests, counsel for Defendant should review the disclosure requirements set forth in the Scheduling Order and ensure that counsel has provided to Plaintiff all relevant parole and therapeutic community documents from Plaintiff's file containing the names of individuals who played a role in the circumstances described in Plaintiff's amended complaint.  The Scheduling Order mandates that the parties disclose to each other "a copy of relevant documents in their possession." (See Scheduling Order ¶ 1, Docket No. 15.)

After Plaintiff discovers the true identities of individual defendants, he may file a second amended complaint to include their names *if* he determines that he has remaining claims that would not be barred on immunity or mootness grounds.  The law provides that parole board officials are entitled to absolute immunity from damages when they perform

MEMORANDUM DECISION AND ORDER 5

"quasi judicial" functions like granting, denying, or revoking parole.  *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004).

As a result, it is clear from the allegations set forth in Plaintiff's Amended Complaint that the individual ICPP members would be absolutely immune from damages in their personal capacities for setting conditions of parole and granting or denying parole.[1]  Because Plaintiff may not proceed on any damages claims against the commissioners, he shall not include claims for damages against the individual commissioners in their official or personal capacities in his second amended complaint. *See Swift*, 384 F.3d at 1188-9.

Because immunity bars Plaintiff's claim for damages against the members of the ICPP, he will need to determine whether he has any claims for declaratory or injunctive relief remaining against the members of the ICPP before filing a second amended complaint.  It is unclear whether Plaintiff has been granted a new parole hearing at which participation in the therapeutic community program was *not* considered as a factor for parole eligibility or whether he has been granted parole.  If so, his claims for declaratory and injunctive relief are moot, and he should voluntarily dismiss his remaining claims. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1095 (9th Cir. 2004) (declaratory and injunctive relief claims related to parole are moot when inmate released on parole: "release extinguishes [the plaintiff's] legal interest in an injunction because it would have

---

[1]  Claims for damages against the individual commissioners in their official capacities are barred by Eleventh Amendment sovereign immunity, as described above.

no effect on him," and "a judicial pronouncement . . . would be an advisory opinion, which the Constitution prohibits.").

If Plaintiff's claims are *not* mooted by a grant of or release on parole, he may file a second amended complaint. Counsel for Defendant shall inform Plaintiff in writing within ten (10) days of the filing of a second amended complaint whether counsel is willing to accept and sign a waiver of service of summons on behalf of individual defendants. Otherwise, Plaintiff may attempt to use the waiver of service of summons procedure with the *individual defendants themselves* by mailing a waiver and a copy of the Complaint to each named individual pursuant to Federal Rule of Civil Procedure 4(d)[2]. If individual defendants refuse to use the waiver process, and Plaintiff is required to hire a process server to attempt personal service after he has tried to use the Waiver procedure, then Plaintiff can request that the individuals be charged for the costs of service.  *See* Fed. R. Civ. P. 4(d)(1) & (2); *see Estate of Darulis v. Garate*, 401 F.3d 1060 (9th Cir. 2005).

### III.

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff has filed a Motion for Summary Judgment asserting entitlement to judgment on the merits of his claims. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

---

[2] Under the Waiver procedure, a defendant has thirty (30) days to sign and return the Waiver.  If the defendant actually signs and returns the Waiver, then he or she has an additional sixty (60) days to file an answer.

MEMORANDUM DECISION AND ORDER 7

the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

As set forth above, Plaintiff has not yet served a defendant against whom he can proceed. In addition, Plaintiff's claims for damages against the ICPP and individual commissioners are subject to dismissal on sovereign and absolute immunity grounds. Whether Plaintiff has any remaining claims is unclear. Therefore, Plaintiff's Motion for Summary Judgment shall be denied without prejudice to reasserting it at a later date, if appropriate.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED**:

1.    Defendant's Motion to Dismiss (Docket No. 23) is **GRANTED IN PART AND DENIED IN PART.** The following claims are dismissed: all claims against the Idaho Commission of Pardons and Parole and all claims for monetary damages against the unknown members of the Idaho Commission of Pardons and Parole in their official and personal capacities. The following claims remain: claims for declaratory and injunctive relief against the unknown individual members of the Idaho Commission of Pardons and Parole in their official capacities only.

2.    Plaintiff's Motion for Summary Judgment (Docket No. 24) is **DENIED** without prejudice.

3.    The parties shall follow the instructions set forth above regarding pending discovery, disclosure, and service issues. The discovery deadline is

MEMORANDUM DECISION AND ORDER 8

extended and shall expire sixty (60) days after entry of this Order.

4.    Plaintiff shall file a second amended complaint or a notice of voluntary dismissal no later than sixty (60) days after entry of this Order.

5.    The Clerk of Court shall provide Plaintiff with a Waiver of Service of Summons form.



DATED:  August 24, 2009

_____
Honorable Candy W. Dale
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER 9